UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 2:13-cv-2273 KJN P |
| Plaintiff, | |
| v. | ORDER |
| LARES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's amended complaint is now before the court.

First, plaintiff states that he will not proceed against defendants Newton, C. Nelson, C. Hale, Lt. Angulo, J.D. Lozano, and Young. (ECF No. 11 at 4-5.) In addition, plaintiff consents to the dismissal of the claims found not colorable in the August 13, 2014 order. (ECF No. 11 at 5.) Accordingly, defendants Newton, C. Nelson, C. Hale, Lt. Angulo, J.D. Lozano, and Young are dismissed from this action without prejudice. In addition, all claims in the original complaint are dismissed without prejudice except for the due process claims against defendants Peery, Gower and Barnes; the retaliation claims against defendants Parker, Drake and McGrath; and the

1

1 | Eighth Amendment claims against defendants Blauser and Smith.

2 |     Second, in plaintiff's document styled "Amended Complaint," plaintiff does not renew
3 | those claims found cognizable in the August 13, 2014 order.  Rather, plaintiff clarifies his
4 | retaliation claims against defendants Lares and Barker based on the events that took place in the
5 | program office for a 602 interview with Sergeant Glenn.  Plaintiff now states that defendants
6 | Lares and Barker were retaliating against plaintiff based on 602 appeals filed against defendants
7 | Lares and Barker on May 5, 2012, and May 13, 2012.  (ECF No. 11 at 3.)  In addition, plaintiff
8 | now claims that defendants Lares and Barker retaliated against plaintiff on June 12, 2012, while
9 | plaintiff was being interviewed by Sgt. Glenn in the program office, rather than on May 22, 2012,
10 | as noted in the prior order and the original complaint (ECF No. 1 at 5).  Thus, it appears that
11 | plaintiff states potentially cognizable retaliation claims against defendants Lares and Barker.

12 |     However, as plaintiff was informed in the prior order, an amended complaint must be
13 | complete in itself without reference to any prior pleading.  (ECF No. 8 at 14.)  Thus, plaintiff's
14 | amended complaint is dismissed and plaintiff is granted leave to file a second amended complaint
15 | that includes those claims found cognizable in the original complaint, and those clarifying facts
16 | contained in the amended complaint against defendants Lares and Barker.  In other words,
17 | plaintiff should only include the due process claims against defendants Peery, Gower and Barnes;
18 | the retaliation claims against defendants Parker, Drake, McGrath, Lares, and Barker; and the
19 | Eighth Amendment claims against defendants Blauser and Smith.

20 |     If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how
21 | the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or
22 | statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended
23 | complaint must allege in specific terms how each named defendant is involved.  There can be no
24 | liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
25 | defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
26 | Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
27 | 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
28 | violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
2    make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
3    complaint be complete in itself without reference to any prior pleading.  This requirement is
4    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
5    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
6    original pleading no longer serves any function in the case.  Therefore, in a second amended
7    complaint, as in an original complaint, each claim and the involvement of each defendant must be
8    sufficiently alleged.  Plaintiff shall not include any of the claims or defendants dismissed herein.
9    Finally, the court notes that plaintiff appended a number of exhibits to his original
10   complaint (ECF No. 1 at 11-138), and additional exhibits to his first amended complaint (ECF
11   No. 11 at 6-25).  Plaintiff is advised that he is not required to append exhibits to any second
12   amended complaint.  The exhibits that plaintiff has filed are part of the court record and may be
13   referred to by any party.  The Clerk of the Court is directed to send plaintiff a copy of the first ten
14   pages of the original complaint, without the appended exhibits, to assist plaintiff in filing the
15   second amended complaint.
16   In accordance with the above, IT IS HEREBY ORDERED that:
17   1. Defendants Newton, C. Nelson, C. Hale, Lt. Angulo, J.D. Lozano, and Young are
18   dismissed from this action without prejudice;
19   2. All claims in the original complaint are dismissed without prejudice except for the due
20   process claims against defendants Peery, Gower and Barnes; the retaliation claims against
21   defendants Parker, Drake and McGrath; and the Eighth Amendment claims against defendants
22   Blauser and Smith;
23   3. Plaintiff's amended complaint is dismissed;
24   4. Plaintiff is granted thirty days from the date of service of this order to file a second
25   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
26   of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the
27   docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff
28   must file an original and two copies of the second amended complaint; failure to file a second

amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

      5. The Clerk of the Court is directed to send plaintiff a copy of pages 1 - 10 from plaintiff's original complaint.  (ECF No. 1 at 1-10.)

Dated:  April 30, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jenk2273.14a

4